UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN CRUZ MORALES, et al.,<br><br>                         Plaintiffs,<br><br>       -against-<br><br>NEXT STOP 2006, INC., et al.,<br><br>                         Defendants. | Case No. 1:22-cv-03311 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

       In accordance with the Court's October 13, 2022 Order (ECF No. 45), on October 18, 2022, Defendants filed a letter-motion to stay discovery pending the outcome of their motions to dismiss and transfer this action to the U.S. District Court for the District of New Jersey. ECF No. 46 ("Mot."). On October 22, 2022, Plaintiffs filed their opposition to the request to stay discovery. ECF No. 48 ("Opp."). Defendants argue that good cause exists to stay discovery because their motions to dismiss and transfer the action to New Jersey are strong and because discovery would be more limited if their motions were granted. Mot. at 1. Plaintiffs contend that the stay is not warranted because Defendants' motions to dismiss do not address the federal claims, and because the motions to transfer are without merit. Opp. at 1-2. For the following reasons, the request for a stay of discovery is DENIED.

       A court may, on a showing of "good cause," stay discovery during the pendency of a motion to dismiss. *See, e.g.*, *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). However, the filing of a motion to dismiss does not itself constitute "good cause," and courts have considerable discretion in determining whether a stay is warranted. *See Kaplan v. Lebanese Canadian Bank, SAL*, No. 08-cv-7253 (GBD) (KHP), 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022). In exercising this discretion, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd.*

*(Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  The "strength of the motion" factor contemplates whether the party seeking the stay has "substantial arguments for dismissal," or whether "the plaintiff's claim is unmeritorious."  *Id.* (citations omitted).

      Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA") and various state law claims under the New York Labor Law and New York City Human Rights Law.  Defendants' motions to dismiss – which are not yet fully briefed – seek dismissal of the state court claims under New York law, and a transfer of the action to New Jersey.  *See* ECF No. 41 (Abviad Defendants' Motion to Dismiss, or "Abviad Br."); ECF No. 47 (Next Stop Defendants' Motion to Dismiss, or "Next Stop Br.").  As Plaintiffs point out, however, neither of these motions seeks to dismiss Plaintiffs' claims under the FLSA.  Instead, Defendants believe that the proper venue to hear all the claims is in New Jersey.  *See* Abviad Br. at 13-20; Next Stop Br. at 12-18.  Thus, much of Plaintiffs' action will proceed whether the case is transferred to New Jersey or not.  In light of the fact that some discovery is inevitable, "there is no prejudice to Defendants in proceeding with discovery."  *Kaplan*, 2022 WL 2541081, at *1 (declining to stay discovery in consolidated action where parties would be engaging in discovery regardless of outcome of motion to dismiss in one of the two actions).  Because an FLSA claim will proceed in either court, "delaying discovery to await decision on a motion that will not fully dispose of the entire case only prejudices the Plaintiff[s]."  *Cruz v. Celestino*, No. 19-cv-6093 (DLI) (SJB), 2020 WL 13094346, at *2 (E.D.N.Y. Apr. 23, 2020) (denying motion to stay discovery in FLSA case).  Indeed, courts in this district have previously refused to stay discovery when the pending motion does not dispose of all the claims, but rather seeks to transfer the action.  *See, e.g.*, *Dickerson v. Novartis Corp.*, No. 15-cv-198 (GHW), 2016 WL 9560056, at *4 (S.D.N.Y. Apr. 11, 2016) ("[I]t is not clear to the Court that judicial economy would be promoted, rather than hindered, by staying discovery that will be necessary irrespective of whether the motion to transfer is granted."); *Technograph, Inc. v. Texas Instruments*

*Inc.*, 43 F.R.D. 416, 417 (S.D.N.Y. 1967) (declining to stay discovery because "the action will continue and defendant's motion to transfer is concerned solely with the question of which court will determine the merits").

As to the state law claims that are the subject of the motions to dismiss, Defendants additionally assert that a stay is justified because differences in New York and New Jersey employment law would significantly alter the discovery in this action. *See* Mot. at 1-2. In particular, Defendants claim that the statute of limitations is six years under New York labor laws, but shorter under New Jersey labor laws. *See id.* at 1 ("*Compare* NYLL § 198(3) *with* NJ Stat. Ann. § 34.1I-56a25.1"). Defendants are mistaken: both statutes of limitation are six years. *See* NYLL § 198(3) ("Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six years."); N.J. Stat. § 34:11-56a25.1 (2019) ("No claim for unpaid minimum wages, unpaid overtime compensation . . . or other damages under this act shall be valid with respect to any such claim which has arisen more than six years prior to the commencement of an action for the recovery thereof."); *see also* Opp. at 2 & n.3 (noting six-year statute of limitations in New Jersey). Given this and the fact that Defendants have not articulated any other reason why the scope of discovery would materially differ, the Court finds that Defendants have not articulated significant prejudice to them in proceeding with discovery.

Additionally, Defendants' motions to dismiss invoke choice of law principles. *See* Abviad Br. at 6-13; Next Stop Br. at 6-12. While the Court does not take an ultimate position on Defendants' motions at this time, it notes that "[b]ecause a choice of law analysis is fact intensive, courts often decline to make a choice of law determination at the motion to dismiss stage." *Okimoto v. Yougjun Cai*, No. 13-cv-4494 (RMB), 2015 WL 3404334, at *1 (S.D.N.Y. May 21, 2015). For example, here, Defendants argue in their motions that Plaintiffs spent most of their workdays in New Jersey and filed for unemployment there. *See* Abviad Br. at 7, 11, 13; Next Stop

3

Br. at 10, 12.  This conflicts with the allegations in the Complaint which assert that "Plaintiffs performed eighty (80) percent of their work in New York state . . . ."  ECF No. 27 ("Compl.") ¶ 7; *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (noting that on a motion to dismiss, the court must "accept all factual allegations [in the complaint] as true and draw all reasonable inferences in the plaintiff's favor"); *Tulepan v. Roberts*, No. 14-cv-8716 (KBF), 2014 WL 6808313, at *1 & n.1 (S.D.N.Y. Dec. 3, 2014) (noting that allegations in the complaint need to be taken as true for purposes of a motion to transfer venue).  Due to the nature of the pending motions and the fact that the motions are not yet fully briefed, it is difficult at this juncture for the Court to conclude that Defendants have substantial arguments for dismissal, and to stay discovery on those grounds.  *See Mirra v. Jordan*, No. 15-cv-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (declining to stay discovery where the pending motion to dismiss required choice of law analysis).

    For the foregoing reasons, the Court exercises its discretion to DENY Defendants' request to stay discovery.  The parties shall comply with the Civil Case Management and Scheduling Order that will be filed simultaneously with this Order.  The Clerk of Court is respectfully directed to terminate the letter-motion pending at ECF No. 46.

Dated: October 27, 2022
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge