USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/1/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDWIN CRUZ MORALES *et al.*,    :
                                :
                                :     **REPORT AND**
                                :     **RECOMMENDATION**
         Plaintiffs,            :
                                :     22-CV-3311 (JLR) (JLC)
     -v-                        :
                                :
NEXT STOP 2006 Inc. *et al.*,   :
                                :
         Defendants.            :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Jennifer L. Rochon, United States District Judge:**

Plaintiffs in this wage-and-hour case brought under the Fair Labor Standards Act ("FLSA") have moved by letter-motion dated November 21, 2022 ("Letter-Motion") for an order dismissing plaintiff Jorge Martinez's claims against the Next Stop defendants. Dkt. No. 69.[1] They report that Martinez "has indicated that he does not wish to be in [a] lawsuit and will not prosecute it." Letter-Motion at 1. Accordingly, counsel for plaintiffs has requested that dismissal without prejudice be ordered pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This letter-motion has been referred to me for a report and recommendation. Dkt. No. 70. For the reasons which follow, the letter-motion should be granted, and Martinez's claims should be dismissed without prejudice.

---

[1] The Next Stop defendants are Next Stop 2006, LLC, Chaim Littman, and Carolina Littman. By letter dated November 30, 2022 (Dkt. No. 76), the Next Stop defendants (joined by defendants Abivad LLC and Joshua Bernstein) advised the Court that they do not object to Martinez's application, although they would prefer the dismissal be "with prejudice" rather than "without prejudice," but they "defer to the sound discretion of th[e] Court."

1

In the seminal case of *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit held that stipulated dismissals settling FLSA claims with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure required the approval of the district court (or the U.S. Department of Labor ("DOL")) in order to take effect. *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *2 (S.D.N.Y. Nov. 6, 2015) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)).  In *Cheeks*, the Circuit focused on dismissals with prejudice but explicitly left open the question of whether dismissals <u>without prejudice</u> may proceed without court approval. *Cheeks*, 796 F.3d at 201 n.2 ("As it is not before us, we leave for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice.").

Since *Cheeks*, some courts have taken the view that because review of dismissals without prejudice is not required, parties may file a stipulation of dismissal without prejudice and avoid *Cheeks* review. *See, e.g., Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *3 (S.D.N.Y. May 16, 2017). Other courts have held that review of "without prejudice" dismissals is not required where there is no "concrete evidence that plaintiff has either been coerced into withdrawing his claims or received compensation in return for a dismissal." *Dawidowicz v. Black Square Builders Corp.*, No. 15-CV-7380 (FB) (CLP), 2016 WL 7665417, at *5 (E.D.N.Y. Nov. 8, 2016), *adopted by*, 2017 WL 74712 (Jan. 6, 2017). *See also Schaubeck v. Morris Pharmacy, Inc.*, No. 17-CV-3909 (HBP), 2018 WL

2

5292127, at *1 n.1 (S.D.N.Y. Oct. 25, 2018) (judicial approval unnecessary because "[a] plaintiff who dismisses his claims without prejudice gives up none of the rights provided by the FLSA, and, subject to the statute of limitations, can re-file at will").

However, several courts *have* undertaken review of dismissals of FLSA claims without prejudice, concluding that "[a]lthough *Cheeks* does not require judicial review when a settlement dismisses a case without prejudice, *Cheeks* also does not preclude such review." *Lopez v. 41–06 Bell Blvd. Bakery LLC*, No. 15-CV-6953 (SJ) (PK), 2016 WL 6156199, at *1 (E.D.N.Y. Oct. 3, 2016), *adopted by* 2016 WL 6208481 (Oct. 21, 2016). *See generally Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 551–53 (E.D.N.Y. 2018) (discussing policy reasons for requiring court approval even of dismissals without prejudice).

In the circumstances presented here, Martinez is one of 20 plaintiffs, all of whom are otherwise proceeding with their lawsuit. While defendants have answered and now moved for summary judgment, there appears to be no prejudice to them if this one plaintiff's claims are dismissed without prejudice at this juncture of the case. Indeed, there are no counterclaims against Martinez and, according to counsel, defendants have "neither propounded [n]or produced discovery in connection with" Martinez. Letter-Motion at 2. Defendants themselves have not objected to Martinez's dismissal without prejudice.[2] Moreover, the policy reasons

---

[2] While they express a preference for a "with prejudice" dismissal, defendants have not offered any authority to support such relief in these circumstances. Moreover, the posture of this case does not warrant such a dismissal, which, among other things, would require formal court review under *Cheeks* and potentially necessitate a hearing, since there is no settlement agreement between Martinez and the defendants for the Court to review.

3

for requiring court approval even of a dismissal without prejudice are not implicated here. Martinez has apparently advised his lawyers that he no longer wishes to prosecute his claims in this lawsuit. They anticipate that as a result of his desire to discontinue his claims, he is likely not to cooperate with counsel in prosecuting the case any further and may well cease contact with counsel altogether. Letter-Motion at 2.

The concerns that other courts have raised—including that "without prejudice" dismissals might be used as an end-around the court review process—do not appear to be implicated here. *See, e.g., Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137, 142 (E.D.N.Y. 2017) ("Notices of dismissal without prejudice should not be used in FLSA cases as a mechanism to effect an end-run around the policy concerns articulated in *Cheeks*."). In addition, there is nothing in the record to "raise a concern that the parties have covertly settled FLSA claims in an effort to evade judicial review required by *Cheeks*." *King v. Fedcap Rehab. Servs., Inc.,* No. 20-CV-1784 (VSB), 2021 WL 1725703, at *1 (S.D.N.Y. Mar. 4, 2021) (quoting *De Jesus v. Magnetic Contracting Corp.*, No. 19-CV-1842, 2019 WL 4737053, at *1 (E.D.N.Y. Sept. 27, 2019)). Notably, there is apparently no settlement agreement between Martinez and the Next Stop defendants. Letter-Motion at 1–2, n.1.

For these reasons, the letter-motion to dismiss Martinez's claims without prejudice should be granted and the proposed partial dismissal order (*see* Dkt. No. 69-1) (or its equivalent) can be issued.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jennifer L. Rochon and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Rochon.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 1, 2022
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge