UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN CRUZ MORALES, et al.,<br><br>                          Plaintiffs,<br><br>          -against-<br><br>NEXT STOP 2006, INC. et al.,<br><br>                          Defendants. | Case No. 1:22-cv-03311 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

      Now before the Court is the Report and Recommendation, dated December 1, 2022, of Magistrate Judge James L. Cott recommending the Court grant Plaintiff Jorge Martinez's letter-motion for an order voluntarily dismissing his claims in this case.[1]  ECF No. 77.  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties had fourteen days from the service of the Report and Recommendation to file written objections.  That time has expired, and no objections have been filed.

      Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the Report and Recommendation for clear error.  *See Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).  "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed."  *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-4394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018).  Upon review of Judge Cott's report and recommendation, the Court finds there is no clear error in his conclusion that dismissal is appropriate, and therefore adopts Judge Cott's report and recommendation.

---

[1] Because Plaintiff has indicated that "he does not wish to be in [this] lawsuit" and "will not prosecute [this lawsuit]," the Court interprets his letter-motion as applying to the Abivad Defendants, too, so that Plaintiff may be removed from the entire action.  ECF No. 69 at 1.

The Court notes that the Second Circuit in *Samake v. Thunder Lube, Inc.* concluded that a voluntary dismissal without prejudice also requires approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F..3d 199, 206 (2d Cir. 2015), but the review "may be quite limited," and may require only "confirmation that no settlement existed." *Samake*, 24 F.4th 804, 810-11 (2d Cir. 2022); *see Huang v. Shanghai City Corp.*, No. 19-cv-7702 (LJL), 2022 WL 2306870, at *3 (S.D.N.Y. June 27, 2022) (collecting cases). Here, Plaintiff's counsel indicated she is not aware of any settlement between Plaintiff Jorge Martinez and Next Stop Defendants. ECF No. 69 at 1-2. Judge Cott credited this statement, and concluded that "there is nothing in the record to raise a concern that the parties have covertly settled FLSA claims in an effort to evade judicial review required by *Cheeks*." ECF No. 77 at 4 (internal citation and quotation marks omitted). Therefore, the Court finds no clear error in Judge Cott's report and recommendation to approve the dismissal. Nevertheless, should evidence emerge that Plaintiff Martinez and Next Stop Defendants have entered some sort of settlement, the Court retains jurisdiction to review that settlement pursuant to *Cheeks*. *Samake*, 24 F.4th at 810-11.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's letter-motion to voluntarily dismiss his claims is GRANTED.[2] The Clerk of Court is respectfully directed to remove Plaintiff Martinez from the docket, and to close the motion pending at ECF No. 69.

Dated: December 19, 2022
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

---

[2] Courts in this District have concluded that the current law in the Circuit permits a Court to dismiss certain claims or parties from an action without dismissing the entire case. *See, e.g.*, *ICICI Bank Ltd. v. Doshi*, No. 19-cv-11788 (RA), 2021 WL 6052117, at *1-2 (S.D.N.Y. Dec. 21, 2021) (collecting cases).