# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN CRUZ MORALES, GERSON POLANCO, EDUARDO MIXI, ANTONIO BRUNO, LUCIANO CALIXTO, ISAAC DIAZ, FERNANDO LEYVA, EDGAR LUNA, CORNELIO RINCON LEON, LEONEL FLORES, EDWIN ALBA, RAUL HERRERA, LUCIANO LOPEZ, RAFAEL RODRIGUEZ, NICHOLAS FIGUEROA, LUIS CASTILLO, FERNANDO SANCHEZ, ARISMENDIZ HIDALGO, JOSE GRANDE HERNANDEZ and ANGEL M. VARGAS MARTINEZ, on behalf of themselves,<br><br>          Plaintiffs,<br><br>v.<br><br>NEXT STOP 2006, INC., CHAIM LITTMAN and CAROLINA LITTMAN, ABIVAD LLC dba OFFICE FURNITURE NYC, and JOSHUA BERNSTEIN jointly and severally,<br><br>          Defendants. | Civil Action No. 23-45 (MEF) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL** |

This matter comes before the Court on the joint motion for final settlement approval between plaintiffs and defendants Next Stop 2006, Inc., Chaim Littman, and Carolina Littman (collectively, the "Next Stop defendants"). (ECF 174). The parties have consented to Magistrate Judge jurisdiction for the purposes of this motion only. (ECF 176). The Court makes the following findings of fact and conclusions of law in approving the settlement.

**I.    Background and Procedural History**

    1.    The parties' proposed settlement resolves plaintiffs' wage and retaliation claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and § 215(a)(3),

in addition to various other claims filed under New York and New Jersey law as to the Next Stop defendants. (ECF 174-1 at 1-2).

2. Plaintiffs, a group of twenty former office furniture delivery and installation workers, commenced this action in the United States District Court for the Southern District of New York in April 2022 against their former direct employers, the Next Stop defendants, as well as their alleged joint employers, Abivad LLC and Joshua Bernstein.[1] Plaintiffs allege that all defendants failed to pay them the minimum wage and overtime pay for time worked in excess of forty hours per week, in violation of the FLSA. (Sec. Am. Compl., ECF 111 at 2 ¶ 2).

3. Following a transfer of venue to this Court (ECF 82), the undersigned began supervising pretrial discovery and held an initial telephonic conference on January 26, 2023. (ECF 86). Thereafter, plaintiffs and the Next Stop defendants continued to engage in discovery while simultaneously conducting settlement negotiations, including by attending private mediation. (ECF 137).

## II.  Settlement

4. On February 21, 2024, the parties wrote jointly to inform the Court that a settlement had been reached in principle while at mediation. (ECF 142). The parties, however, encountered difficulty in finalizing the agreement, requesting at various times to re-open the action in light of the Next Stop defendants' purported repudiation of the settlement (ECF 147, 159), and ultimately agreeing to a revised settlement. (ECF 163). Subsequently, the Court issued a text order directing the parties to file a joint motion for FLSA settlement approval. (ECF 164). After some delay in

---

[1] Plaintiffs previously settled with defendants Abivad LLC and Joshua Bernstein. (*See* ECF 131, 135 (Order granting motion for FLSA settlement approval and stipulation of dismissal)).

executing the final agreement (ECF 170), the parties proceeded to file their joint motion on September 13, 2024. (ECF 174).

5. Plaintiffs and the Next Stop defendants agreed to settle this case for a total amount of $780,000.00 (the "Settlement Amount") in full satisfaction of plaintiffs' claims against the Next Stop defendants and their attorneys' fees and costs. (ECF 174-1 at 2).

6. The parties further agreed that the settlement sum is to be allocated as follows:

   a. A gross payment to the plaintiff group of $259,033.33 for the wage-related claims, to be divided and distributed to each plaintiff according to an allocation formula. (ECF 174-1 at 2).

   b. A second payment to the plaintiff group of $259,033.34 for any penalties and liquated damages, to be divided and distributed to each plaintiff according to an allocation formula. (*Id*. at 3).

   c. A payment to plaintiff's counsel, Julien Mirer Singla & Goldstein, PLLC, of $261,933.33 for attorneys' fees and costs. (*Id*. at 3).

**III.    Final Approval of Settlement**

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*,. No. 08-CV-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than

a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9. Here, plaintiffs claim that the total amount due to them under the FLSA, excluding liquidated damages, amounts to approximately $1.88 million in wages and penalties. (ECF 174 at 6 ¶ 1). The Court determines that plaintiffs' agreement to settle for the lesser amount of $780,000 constitutes a compromise of a bona fide dispute for several key reasons. First, defendants maintain that they paid plaintiffs in full compliance with the applicable laws and admit no liability. (ECF 174 at 3). Accordingly, there is no guarantee that plaintiffs would prevail at trial after further protracted litigation. Similarly, defendants assert that plaintiffs' estimation of overtime hours per worker far exceeds the number of hours actually worked. Second, in reaching a settlement agreement now, plaintiffs avoid further delay in recouping some of their alleged losses. This action has been pending for nearly two and a half years since its initial filing in the Southern District of New York and has included significant motion practice at various stages. Third, the Court notes that plaintiffs already received a settlement in the amount of $30,000 from their alleged joint employers, Abivad LLC and Joshua Bernstein, thus bringing the settlement to a total sum of $810,000. (ECF 131). This is a significant recovery in view of the attendant risks of continuing litigation. Fourth, and finally, the Court finds that the settlement enables plaintiffs to avoid the risk of the Next Stop defendants becoming judgment proof or unable to a pay a more substantial award of damages after a trial. Given that plaintiffs previously submitted a motion for a writ of prejudgment attachment as to the Next Stop defendants' assets (ECF 136) following allegations that the Next Stop defendants were attempting to transfer ownership of and sell off assets and

property (ECF 136-1 at 23), the Court further finds that the settlement serves to foreclose the risk of plaintiffs being unable to collect any judgment at a later date. The settlement thus serves as a reasonable compromise of these disputed claims.

10. Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct. Counsel for both parties have been vigorous advocates throughout the pendency of this action before this Court.

11. The Court had previously issued a text order advising the settling parties against including certain terms in the final settlement agreement, including a general release clause or a broad confidentiality provision. (ECF 116).

12. The parties adhered to the Court's direction and have submitted a final settlement agreement, which has been reviewed by the Court. (ECF 174). The Court finds the release provisions contained therein, as hereby narrowed by the Court, comply with applicable law. (*See* ECF 174-1 at 5 ¶ 7). Although the release clause goes beyond the wage-related claims, the Court hereby directs for all future purposes that the release be construed as limited to FLSA-related claims asserted in this action. *See Brumley v. Camin Cargo Control, Inc.*, No. 08-CV-1798 (JLL), 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012) (limiting scope of release clause in settlement agreement to wage claims under FLSA).

13. Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF 174-1) and approves the payments to be made to plaintiffs under the Settlement Agreement.

## IV. Award of Attorneys' Fees and Costs

14. Plaintiffs' counsel seeks $261,933.33 in fees and reimbursement for costs, comprised of $253,333.33 in legal fees and $8,600 in reimbursement for costs associated with filing, mediation, and travel. (ECF 174-1 at 4).

15. Plaintiffs' counsel did substantial work identifying, investigating, prosecuting, and settling plaintiffs' claims.

16. The fees requested represent slightly less than one-third of the total settlement amount, which has been held to be fair and reasonable in this District. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable).

17. The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $261,933.33.

## V. Conclusion

18. The parties' joint motion for FLSA settlement approval is hereby GRANTED.

19. The Court approves the terms and conditions of the Settlement Agreement.

20. The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

21. The Clerk of the Court is directed to terminate the motion at ECF 174 and shall mark this case as **CLOSED**.

**It is so ORDERED this 10th day of October 2024**.

                                         *s/ Leda Dunn Wettre*
                                         Leda Dunn Wettre
                                         United States Magistrate Judge