# JULIEN MIRER & ASSOCIATES, PLLC

ATTORNEYS AT LAW
300 CADMAN PLAZA WEST., 12TH FLOOR
BROOKLYN, NEW YORK 11201
.

JEANNE MIRER              TELEPHONE: (212) 231-2235             RIA JULIEN
                        FACSIMILE: (212) 409-8338

March 10, 2025

*Via* **ECF**
Honorable Magistrate Judge Wettre
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

                        **Re:** *Edwin Cruz Morales, et al. v. Next Stop 2006, Inc., et al.*
                        **23-cv-00045(ES)(LDW)**
                        **Letter Motion to Approve Proposed MODIFIED Settlement**

Dear Hon. Magistrate Judge Wettre:

       Plaintiffs write in connection with the agreement to resolve this matter that was submitted to Your Honor on September 13, 2024 (Dkt. #174) and approved as fair on October 10, 2024 (Dkt. #177). See Ex A. Plaintiffs hereby request that the court approve a Modified Settlement Agreement here attached as Ex B. The parties understand that you have jurisdiction over the approvals of Fair Labor Standards Act Settlements. (Dkt. #176)

## **PROCEDURAL POSTURE**

       After Your Honor's approval of the previously submitted Settlement Agreement (Dkt. # 174-1), Defendants defaulted on the Agreement and Plaintiffs were faced with having to initiate a collections. Plaintiffs submitted a letter motion to Judge Farbiarz on January 10, 2025 requesting that the court enter judgment against Defendants pursuant to the Affidavits of Judgment. This request is pending at present (See Ex. C, Dkt. # 178). While Plaintiffs so moved, Plaintiffs had misgiving given the uncertainty of collections in the future. Deciding the better path was to seek to modify the Agreement, as was requested by Defendants, Plaintiffs agreed to a modification of the previously approved Settlement Agreement, on the condition that the entire settlement sum be placed in the IOLTA account of Plaintiffs' counsel immediately and during the pendency of the court's review of the modified Agreement. See Ex. B.

1

Undersigned counsel on March 4, 2025 received into their client trust account on behalf of Plaintiffs the Modified Sum of $475,000 from Defendants in order to fully satisfy their claims, should the court approve the modified agreement. The Modified Settlement Sum constitutes 60.9% of the $780,000 settlement sum. Of this amount $325,000 is the net amount to Plaintiffs, amounting to 62.7 % of the previously agreed net sum to Plaintiffs of $518,066.66. Plaintiffs hereby request that the court approve this modified settlement sum as fair in light of the overall percentage of recovery, in light of the uncertainty of the success of a collections action, and in light of changed circumstances alleged by Defendants wherein their ability to pay has been affected by other ongoing litigation against them in another matter.

As this court has already approved the previous agreement and the modification is not a wholesale revision of the contract but goes primarily to the settlement sum and the mechanism and timing of payment as well as the conditional nature of the modification, Plaintiffs incorporate by reference their prior approval letter motion and address only the fairness factors relevant to the modified sum here.

As set forth herein, the parties jointly request that the Court approve the Modified wage and hour settlement of their claims as fair. Upon the Court's approval of the settlement agreement, and payment according to the terms of the Modified settlement agreement, the Parties will enter the stipulation of dismissal dismissing the action.

## FAIRNESS OF THE PROPOSED SETTLEMENT AGREEMENT

"Provided the court is satisfied that the settlement concerns a 'bona fide dispute,' the court will then evaluate the terms to ensure that the settlement is (1) 'fair and reasonable for the employees' and (2) 'furthers the FLSA's implementation in the workplace.'" *Diflavis*, 2020 U.S. Dist. LEXIS 213353, at *6 (quoting *Howard v. Phila. Housing Auth.*, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016)). Plaintiffs next address each of these elements in turn.

### a. The Settlement is a Fair and Reasonable Resolution of a Bona-Fide Dispute

#### i. *A Bona-Fide Dispute Existed Between the Parties*
The modification agreed to by the parties does not disturb the court's prior determination.

#### ii. *The Settlement Amount is a Fair and Reasonable Resolution of the Dispute*

Courts in the Third Circuit reviewing the fairness of FLSA settlements typically borrow from the factors utilized in reviewing the fairness of a Fed. R. Civ. P. 23 class action settlement articulated by the Third Circuit in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) These factors were fully set forth in Plaintiffs' prior motion.

##### A. The Complexity, Expense and Likely Duration of the Litigation[1]

---

[1] In this Section, Plaintiffs will also discuss the factor of the risk of establishing liability and damages.

2

In addition to the level of complexity previously stated by Plaintiffs is the complexity of prosecuting a collections action against Defendants who Plaintiffs have previously noted have used shell companies and other complex structures to evade attachment efforts. Defendants represent that their business is not continuing at this time, and Plaintiffs are aware of much reduced operations only, as of several months ago. Collecting against a defunct entity presents great challenges, as does the fact that the critical confessions of judgments of potential alter egos and the LLC holding Defendants' warehouse property which were the subject of an undecided motion to amend that was mooted when the settlement was reached were ultimately not agreed to by Defendants. Instead Plaintiffs are limited to current defendants and a collections action against them will increase the cost, complexity and duration of the litigation and yield an uncertain result, not as to liability but as to the actual monies collectible.

### B. The Stage of the Proceedings and the Amount of Discovery Completed

The modification agreed to by the parties does not disturb the court's prior determination regarding the stage of proceedings and status of discovery. Though initiating a collections action would effectively have Plaintiffs at the beginning of any collections litigation and attachments process.

### C. The Best Possible Recovery Balanced Against the Attendant Risks of Litigation

Plaintiffs under the modified agreement agreed to accept a Modified Sum of $475,000 in order to fully satisfy their claims should the court approve the modified agreement which constitutes 60.9% of the previously approved $780,000 settlement sum. Of this amount $325,000 is the net amount to Plaintiffs, amounting to 62.7 % of the previously agreed net sum to Plaintiffs of $518,066.66.

The Plaintiffs claim $1.88 million in wages and penalties not including liquidated damages for FLSA and NYLL claims over a six-year period. Should the New Jersey state law apply, wages and penalties not including liquidated damages over a six-year period equal approximately $743,000 as to all Defendants. Whereas the previously-agreed settlement sum of $780,000 totals approximately 106% of the New Jersey wages, the Modified Sum of $475,00 amounts to 63.9 % of the New Jersey wages owed. While this is a significant reduction from the previously agreed, the Modified Sum nonetheless constitutes is a significant recovery. Further recent developments in *Maia v. IEW Construction Group* (May 15, 2024) render the recovery even more significant. Plaintiffs hereby request that the court approve this Modified Settlement Sum as fair in light of the overall percentage of recovery, in light of the uncertainty of the success of a collections action should the modification not be approved, and in light of changed circumstances alleged by Defendants wherein their ability to pay had been affected by ongoing litigation against them in another matter. Moreover Plaintiffs request that this agreement be approved as it provides for no risk of failure to pay—absent the court's rejection of this modification--the monies already being deposited into the IOLTA account of Plaintiffs' counsel at the Julien firm. After facing default, Plaintiffs were prepared to accept significant concessions in order to avoid the risk of future default. Plaintiffs seek certainty and closure. They are satisfied with the sum and wish to turn the page.

### b. The Settlement Furthers the FLSA's Purpose

Given the significant percentage of the NJ wage recovery that the Modified Settlement Sum, on the facts and circumstances presented here the modification does not frustrate the purpose of the FLSA, and as before, no forbidden clauses are implicated.

### c. Plaintiffs' Counsel's Request for Attorney Fees and Costs Should be Approved

The court previously approved a fee of a little less than one third of the total recovery of $780,000 for a total fee award of $253,333.33, per their contingency fee agreement with Plaintiffs as well as recovery of the filing fee, process server costs and mediation fee paid to the mediator totaling $8600. Plaintiffs now under the modified agreement have again agreed to the less than one third of the total recovery of $475,000 for a total fee award of $150,000. In addition, Plaintiffs' counsel has agreed to waive the costs on the modified agreement. For the same reasons the prior award of attorney's fees was deemed reasonable, Plaintiff asks that the court approve the modified fee petition.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs, joined by Defendants, respectfully request that the Court grant their Joint Motion for Approval of the Modified Proposed Settlement in its entirety. While the modification represents a significant compromise by the Plaintiffs it is one they have all taken knowingly in light of the available alternatives.

Should the modification not be approved Plaintiffs' counsel has agreed to return the monies in IOLTA to Defendants as Defendants have required this assurance in order to provide the money in advance. This clause does not negate Plaintiffs' right seek to the unmodified sum of $780,000 should the court not approve the modification, under the terms of the previous agreed settlement agreement. It merely recognizes that Plaintiffs will have to go through appropriate collections and attachment channels to enforce the previously agreed settlement, which enforcement has no guarantees for Plaintiffs.

Date:  March 10, 2025                    Respectfully submitted,

_____

Ria Julien