UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN CRUZ MORALES, GERSON POLANCO, EDUARDO MIXI, ANTONIO BRUNO, LUCIANO CALIXTO, ISAAC DIAZ, FERNANDO LEYVA, EDGAR LUNA, CORNELIO RINCON LEON, LEONEL FLORES, EDWIN ALBA, RAUL HERRERA, LUCIANO LOPEZ, RAFAEL RODRIGUEZ, NICHOLAS FIGUEROA, LUIS CASTILLO, FERNANDO SANCHEZ, ARISMENDIZ HIDALGO, JOSE GRANDE HERNANDEZ and ANGEL M. VARGAS MARTINEZ, on behalf of themselves,<br><br>    Plaintiffs,<br><br>v.<br><br>NEXT STOP 2006, INC., CHAIM LITTMAN and CAROLINA LITTMAN, ABIVAD LLC dba OFFICE FURNITURE NYC, and JOSHUA BERNSTEIN jointly and severally,<br><br>    Defendants. | Civil Action No.<br><br>23-45 (MEF) (LDW)<br><br>**ORDER APPROVING MODIFIED FAIR LABOR STANDARDS ACT SETTLEMENT** |

  **THIS MATTER** having come before the Court by way of plaintiffs' motion to approve a modified Fair Labor Standards Act ("FLSA") settlement (ECF 180); and

  **WHEREAS** the Court previously approved a settlement between plaintiffs and defendants Next Stop 2006, Inc., Chaim Littman, and Carolina Littman (collectively, the

"Next Stop Defendants") on October 10, 2024 for a total sum of $780,000, inclusive of attorneys' fees and costs (ECF 177)[1]; and

**WHEREAS** plaintiffs subsequently advised the Court that the Next Stop Defendants defaulted on that settlement and thus sought to have the Court enter a Consent Judgment that was agreed upon as part of the settlement (*see* ECF 178, Motion to Approve Consent Judgment); and

**WHEREAS**, simultaneously, and unbeknownst to the Court, the parties endeavored to obviate such efforts to enforce the settlement by conducting further negotiations to modify the previously approved settlement agreement to render it financially feasible for the Next Stop Defendants (ECF 180); and

**WHEREAS** the Next Stop Defendants assert that a significant change in financial circumstances necessitates the modification of the original settlement; in particular, a certain property the Next Stop Defendants own has become subject to litigation and is therefore unavailable to be sold to finance the settlement payment as initially planned (ECF 184); and

**WHEREAS** plaintiffs seek approval of the modified agreement because, they contend, it is preferable to attempting to collect upon the original settlement, as the Next Stop Defendants have already transferred the entirety of the modified settlement sum of $475,000 to plaintiffs' counsels' escrow account, which is ready to be disbursed pending the Court's approval (ECF 180 at 1); and

---

[1] The parties consented to magistrate judge authority for settlement approval.

**WHEREAS** the Court held a hearing on May 20, 2025 to verify the Next Stop Defendants' claims of changed financial circumstances, including their purported inability to "remit the settlement funds as planned" (ECF 184 at 1); and

**WHEREAS** on behalf of the Next Stop Defendants, individual defendant Chaim Littman, who represented he was authorized to bind the Next Stop Defendants, testified on the record under penalty of perjury as to the factual underpinnings of the Next Stop Defendants' failure to pay the initial settlement and reasons for seeking modification; and

**WHEREAS** in light of his testimony and plaintiffs' desire to receive the settlement monies and bring this long-pending action to a close, the Court finds that the modified settlement agreement is a fair and reasonable resolution of a bona fide dispute and furthers the FLSA's purpose; and

**WHEREAS** all parties having agreed to the modified settlement and good cause having been shown to permit the modification; therefore,

**IT IS** on this day, May 29, 2025:

**ORDERED** that plaintiffs' motion for approval of a modified FLSA settlement is hereby **GRANTED**; and it is further

**ORDERED** that the Court approves the terms and conditions of the modified settlement agreement; and it is further

**ORDERED** the parties shall proceed with the administration of the settlement in accordance with the terms of the modified settlement agreement; and it is further

3

**ORDERED** that the Clerk of the Court shall terminate the Motion to Approve Consent Judgment at ECF 178 as moot.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge
